IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JIMMY W. LEACH,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16−cv–0634−JPG |
| | ) | |
| **CHET SHAFFER,** | ) | |
| **REX ROBERTS, and** | ) | |
| **HARTGRAVES** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jimmy W. Leach, an inmate in Franklin County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff was booked into the Franklin County Jail on March 18, 2016. (Doc. 1, p. 5). He reported that he was on medication for post-traumatic stress disorder ("PSTD") and a seizure disorder. (Doc. 1, p. 5). However, he was not given his medication. (Doc. 1, p. 5). On March 19, 2016, Plaintiff began experiencing flashbacks. (Doc. 1, p. 5). The stress of the PSTD started triggering seizures as well. (Doc. 1, p. 5). Despite the fact that Plaintiff was on ten-minute watches, he suffered three seizures, a mini-stroke, and lay in his own urine for approximately 48 hours. (Doc. 1, p. 5).

On March 21, 2016, Plaintiff was taken to the Franklin County Emergency Room, and subsequently admitted to Good Samaritan Hospital in Mt. Vernon. (Doc. 1, p. 5). By that time, Plaintiff had lapsed into a coma-like state. (Doc. 1, p. 5). He was hospitalized for one week. (Doc. 1, p. 5).

Plaintiff alleges that he was not given medical attention despite having seizures and lying in his own urine. (Doc. 1, p. 5). Defendant Chet Shaffer checked on him three times during that period and refused to call medical treatment each time. (Doc. 1, p. 5). On April 1, 2016, Defendants Rex Roberts and Hartgraves told Plaintiff that they deliberately withheld his medications and that Plaintiff can die for all they care. (Doc. 1, p. 5).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claims survive threshold review.

**Count 1** – Defendant Shaffer was deliberately indifferent to Plaintiff's serious medical needs when he refused to secure medical treatment for Plaintiff despite checking on him three times during a period where Plaintiff was deprived of his medication and suffering from PSTD and a seizure disorder, in violation of the Eighth Amendment.

**Count 2** – Defendants Roberts and Hartgraves were deliberately indifferent to Plaintiff's serious medical needs when they deliberately withheld medication for Plaintiff's seizures and PTSD, in violation of the Eighth Amendment.

Although Plaintiff has not explicitly said, his incarceration at Franklin County Jail suggests that he is a pre-trial detainee. Pre-trial detainees are subject to at least as much Eighth Amendment protection as a convicted inmate. *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 259 (7th Cir. 1996). Officers can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of

pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). Plaintiff's PTSD and his seizure disorder are sufficiently serious to state a claim at this time.

Proving deliberate indifference requires more than a showing of negligent or even grossly negligent behavior; the equivalent of criminal recklessness must ultimately be proved. *Farmer v. Brennan,* 511 U.S. 825, 835-37 (1994). An official may be liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

Here Plaintiff has alleged that he received no medical treatment from Defendants. He alleged that Roberts and Hargrave both knew that Plaintiff had prescription drugs to treat his allegedly serious medical conditions, but deliberately choose not to give them to Plaintiff because they did not care if he lived or died. If this allegation is true, which the Court assumes for purposes of this analysis, this is textbook deliberate indifference. While Plaintiff does not allege that Shaffer deprived him of his medication, Plaintiff alleges that Shafer knew that he was suffering due to the lack of medication and declined to get Plaintiff any medical help. This is also deliberate indifference. Plaintiff's **Count 1** and **Count 2** survive threshold review.

## PENDING MOTIONS

Plaintiff has filed a Motion for Recruitment of Counsel, which will be referred to the Magistrate Judge ultimately assigned to this case. (Doc. 2). He has also filed a Motion for Service of Process at Government Expense. As Plaintiff has been granted IFP status, and his claims have survived threshold review, the Court will order service on Defendants. Plaintiff's Motion is therefore **MOOT.** (Doc. 4).

## DISPOSITION

Page **4** of **7**

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Shaffer, Roberts, and Hargraves: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 10, 2016**

s/J. Phil Gilbert
**U.S. District Judge**
