UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JIMMY W. LEACH,

    Plaintiff,

v.

CHET SHAFFER, REX ROBERTS and
RICHARD HARTGRAVES,

    Defendants.

Case No. 16-cv-634-JPG-RJD

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the defendants' motion for summary judgment in plaintiff Jimmy W. Leach's case alleging failure to provide adequate medical care when he was a pretrial detainee in the Franklin County Jail (Doc. 53). In their motion, the defendants argue that plaintiff Leach has insufficient evidence to prove that they were deliberately indifferent to his serious medical needs. They specifically rely on the Eighth Amendment deliberate indifference standard articulated in *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), which at the time had been routinely applied through the Fourteenth Amendment to the medical claims of pretrial detainees. *See Pittman v. County of Madison*, 746 F.3d 766, 775 (7th Cir. 2014). However, on August 10, 2018, the Court of Appeals for the Seventh Circuit ruled in *Miranda v. County of Lake*, No. 17-1603, 2018 WL 3796482, at *11 (7th Cir. Aug. 10, 2018), that the standard applicable to pretrial detainees is objective unreasonableness rather than deliberate indifference. As a consequence, the arguments in the defendants' motion for summary judgment are no longer apposite. The Court will therefore find the motion moot but will give the defendants a reasonable opportunity to file a new summary judgment motion addressing the viability of Leach's claims under the standard announced in *Miranda*.

The Court also addresses Leach's motion for leave to file a second amended complaint asserting a state law claim for spoliation of evidence (Doc. 53).  Apparently, this potential cause of action only came to light after the defendants failed to locate and produce certain basic pieces of evidence requested in discovery such as, for example, an incident report prepared by defendant Chet Shaffer regarding his contact with Leach before Leach was transported to the hospital on March 21, 2016.  The defendants have responded to the motion (Doc. 54), arguing that the request to amend comes too late and allowing amendment would unnecessarily delay the resolution of this case.

Rule 15(a) governs amendments to pleadings.  A plaintiff may amend its pleading once as a matter of course within 21 days of serving it or within 21 days after service of a response or a motion to dismiss, for a more definite statement or to strike.  Fed. R. Civ. P. 15(a)(1).  Otherwise, a plaintiff may amend his pleading only with the opposing parties' written consent, which the plaintiff has not obtained, or leave of court, which the Court should freely give when justice requires.  Fed. R. Civ. P. 15(a)(2).  Although the text of the rule has changed in recent years, the rule still "reflects a policy that cases should generally be decided on the merits and not on the basis of technicalities."  *McCarthy v. PaineWebber, Inc.*, 127 F.R.D. 130, 132 (N.D. Ill. 1989).  Generally, the decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court.  *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997).  A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment.  *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499

F.3d 663, 666 (7th Cir. 2007)).

This case is set for trial on October 1, 2018. Ordinarily, the Court would refuse to allow an amendment of the complaint to add a new claim so close to the trial date because it would necessarily require a continuance of the trial. However, in light of the fact that it is allowing a new round of summary judgment motions, which will require a continuance of the trial anyway, and the fact that the spoliation claim did not come to light until the plaintiff conducted discovery in this case, the Court finds justice will be served by allowing Leach to amend his complaint. Accordingly, the Court will grant his motion for leave to amend.

For the foregoing reasons, the Court:

- **DENIES without prejudice as moot** the defendants' motion for summary judgment (Doc. 51);

- **GRANTS** Leach's motion for leave to file the Second Amended Complaint, which was tendered to the Court with his motion (Doc. 53). Leach shall electronically file the Second Amended Complaint by September 20, 2018;

- **ORDERS** that dispositive motions are due by November 9, 2018. Should the parties feel they need additional discovery, they may seek leave from Magistrate Judge Daly. Additional discovery, if allowed, will be strictly limited to the new spoliation claim absent extraordinary circumstances; and

- **VACATES** the current final pretrial conference and trial dates, which will be rescheduled by separate order.

**IT IS SO ORDERED.**
**DATED: September 14, 2018**

                                      s/ J. Phil Gilbert
                                      **J. PHIL GILBERT**
                                      **DISTRICT JUDGE**