UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JIMMY W. LEACH,

          Plaintiff,

    v.

CHET SHAFFER, REX ROBERTS and
RICHARD HARTGRAVES,

          Defendants.

Case No. 16-cv-634-JPG-RJD

## MEMORANDUM AND ORDER

This matter comes before the Court on the on the Report and Recommendation

("Report") (Doc. 100) of Magistrate Judge Reona J. Daly recommending that the Court deny

defendant Chet Shaffer's motion to dismiss (Doc. 73), grant in part and deny in part plaintiff

Jimmy W. Leach's motion to strike affidavits and exhibits, to reopen discovery and for leave to

file an amended complaint, and for sanctions (Doc. 88), grant in part and deny in part the

defendants' motion for summary judgment (Doc. 81), strike the "Jail Work Schedule" submitted

in support of the defendants' motion for summary judgment (Doc. 81-3) and enter judgment in

favor of defendants Rex Roberts and Richard Hargraves at the close of the case.   The only

claims remaining for trial would be Counts 1, 3 and 4 against Shaffer.   Leach and Shaffer have

filed objections to the Report (Docs. 101 & 102, respectively).

The Court may accept, reject or modify, in whole or in part, the findings or

recommendations of the magistrate judge in a report and recommendation.   Fed. R. Civ. P.

72(b)(3).   The Court must review *de novo* the portions of the report to which objections are

made.   *Id.*   "If no objection or only partial objection is made, the district court judge reviews

those unobjected portions for clear error."   *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th

Cir. 1999).

## I.  Background

This lawsuit arose after Leach was detained in the Franklin County Jail ("Jail") beginning on March 18, 2016.   At that time, Shaffer was the jail administrator, and Roberts and Hargraves were jail officers.   At the time of his detention, Leach suffered from seizure disorder and post-traumatic stress disorder ("PTSD").   He did not receive medication for either condition or any other kind of medical attention while in the Jail until March 21, 2016, when he was taken to the local emergency room.   He was then transferred to a larger hospital, where he remained for more than a week.   Several days after he returned to the Jail, he was transferred from the Jail to Menard Correctional Center ("Menard"), but his medication and medical records were not sent with him.   Menard did not receive his medical records for a week, during which time Leach again went without medication.

Leach filed this lawsuit alleging that Shaffer provided him constitutionally inadequate medical care by failing to summon medical attention from March 18 to 21, 2016 (Count 1), that Roberts and Hargrave did not give constitutionally adequate attention to Leach's medical needs when they refused to transport his medication with him when he was transferred from the Jail to Menard (Count 2), that Shaffer wrongfully failed to preserve evidence related to the relevant incidents at the Jail and to Leach's medical condition and treatment (Count 3), and that all defendants intentionally inflicted Leach with emotional distress (Count 4).

## II.  Shaffer's Motion to Dismiss Count 3: Negligent Spoliation of Evidence (Doc. 73)

### A.  The Report

Magistrate Judge Daly found that Leach adequately pled special circumstances that would create a duty for Shaffer to preserve evidence in this case.   Specifically, she found that

Leach's alleged grievance about his medical treatment and his medical problems put, or should have put, Shaffer on notice of potential litigation, especially in light of Shaffer's experience with prior detainee litigation. She further found that Shaffer's duty to preserve evidence in anticipation of potential litigation extended to the evidence Leach claims Shaffer negligently failed to preserve, including video footage of the hallway outside Leach's jail cell.

B.      Shaffer's Objection

Shaffer objects on the grounds that the video Leach claims he should have preserved shows the common area of the Jail, not Leach's cell, so it would only show Leach's removal from his cell when he was taken to the emergency room, not his condition within the cell. Shaffer argues that the removal of Leach from his cell was nothing special and should not have alerted Shaffer to the need to preserve the video footage.

With respect to consultation forms from crisis therapist Jill Flemming and Leach's hospital discharge paperwork, Shaffer argues that those records were produced *by Leach* in discovery. He posits that since Leach has the documents, Shaffer had not duty to preserve them.

Shaffer also suggests Leach was not truthful when claiming he filled out a grievance that put Shaffer on notice of his medical complaints.

Finally, Shaffer argues that, considering the evidence presented in support of his summary judgment motion, it is clear Magistrate Judge Daly misconstrued the Illinois tort of negligent spoliation of evidence and whether Shaffer is immune from liability from such a suit under 745 ILCS 10/2-201. That statute provides that "a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." Shaffer claims his decisions regarding preserving evidence

were determinations of policy and an exercise of discretion.

C.    Analysis

The Court conducts a *de novo* review of this portion of the Report.

With respect to the video footage, Shaffer improperly relies on evidence not in Leach's complaint to argue that the video was irrelevant and would not have tipped Shaffer off that he should have preserved it for potential litigation by Leach.   Shaffer brought his motion to dismiss under Rule 12(b)(6), however, so the question is not what the video actually depicted but whether the complaint adequately alleged a negligent spoliation cause of action.   As Magistrate Judge Daly found, it did.   That conclusion is not impacted by evidence discovered later in the case.

The same goes for the medical evidence from Flemming and the hospital; Leach adequately pled his spoliation claim as to these documents.   While it may be difficult for him to prove at trial that Shaffer's conduct in failing to preserve records caused him any harm where he obtained the allegedly spoiled documents elsewhere, that is irrelevant to the adequacy of his complaint.[1]

As for the suggestion that Leach failed to file a grievance, his complaint clearly stated that he did, and the Court must accept that allegation as true for the purposes of this Rule 12(b)(6) motion.

Finally, Shaffer's assertion of the discretionary/policy function exception relies on evidence presented in support of his summary judgment motion, not any pleading deficiency.

---

[1] In fact, Magistrate Judge Daly recommends, and the Court agrees as explained later in this order, to grant summary judgment on Count 3 to the extent it addresses evidence other than the video footage.

4

Additionally, Shaffer failed to raise this argument in his motion to dismiss, so he has waived the argument for the purposes of the motion. *United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000) ("[A] willingness to consider new arguments at the district court level would undercut the rule that the findings in a magistrate judge's report and recommendation are taken as established unless the party files objections to them."). Therefore, dismissal under Rule 12(b)(6) on the basis of the discretionary/policy function is not proper.

For these reasons, the Court will adopt this portion of Magistrate Judge Daly's Report and will deny Shaffer's motion to dismiss (Doc. 73).

## III.    Leach's Motion to Strike, to Reopen Discovery, to File an Amended Complaint, and for Sanctions (Doc. 88)

Leach asks to strike the affidavit of Shaffer in which he states he was not present at the Jail for the relevant events and the affidavit of Jail officer Anthony Skobel in which he states that he was present at the Jail during relevant events. These affidavits conflict with Shaffer's discovery responses, which indicate Shaffer and a nurse witnessed the relevant events. Magistrate Judge Daly found that Shaffer did not fail to disclose the fact that Skobel was present at the relevant times because that information was made known to Leach within other discovery responses. She further found that, even if Shaffer had failed to supplement his responses properly, the failure was harmless because Leach had the relevant information from the other discovery and ample opportunity to depose Skobel. She therefore recommends denying the motion to strike Skobel's affidavit, to reopen discovery to depose Skobel and for leave to amend the complaint to assert a claim against Skobel.

Magistrate Judge Daly further recommends denying the motion to strike Shaffer's affidavit because, rather than revealing a conflict with his earlier discovery response, it merely

revealed that the response was incomplete because it did not identify Skobel; complete information was provided during later discovery. Further, she found Shaffer's statement that Skobel would have been working at that time was within his personal knowledge of the general scheduling at that time.

Magistrate Judge Daly found that none of the foregoing warrants sanctions under Rule 37.

Magistrate Judge Daly further found that the Jail Work Schedule proffered by Shaffer is impermissible hearsay.

Finally, Magistrate Judge Daly recommends the Court strike Leach's reference in his affidavit to seeing Shaffer *on March 20, 2016*, and disregard other hearsay statements in its consideration of the summary judgment briefing.

Leach objects only to the recommendation to deny the opportunity to reopen discovery to depose Skobel and to amend the complaint to assert a claim against Skobel. The Court has reviewed this issue *de novo* and finds that Magistrate Judge Daly's decision was appropriate for the reasons set forth in the Report. However, even though the Court believes that it was not error to refuse to allow Leach to depose Skobel, the Court will exercise its discretion to arrive at a different result. Skobel's deposition would not delay the trial of this case and would add significantly to the search for the truth. Therefore, the Court will modify the Report to allow a single deposition of Skobel.

The remaining recommendations with respect to these motions are not clearly erroneous and will therefore be adopted by the Court.

**IV.    Defendants' Motion for Summary Judgment (Doc. 81)**

A.    <u>The Report</u>

Magistrate Judge Daly found that the evidence, viewed in Leach's favor, showed the following:

Leach was on medication for his seizure disorder and PTSD before was first detained at the Jail late on the night of March 18, 2016.    Leach told Jail officers[2] that he needed help and his medication, that he needed medical attention, and that he was experiencing hallucinations. He was moved to another cell and was placed on suicide watch.    He had a seizure and woke up lying in urine.

Jill Flemming, a psychological professional, evaluated Leach in the early morning of March 20, 2016, while Shaffer was present.    She recommended involuntary hospitalization, but that did not occur.    She also recommended that another evaluation be done in twenty-four hours and that Jail personnel check on Leach every fifteen minutes.    Flemming evaluated Leach again in the early morning of March 21, 2016, at which time Leach was non-communicative.    She again recommended involuntary hospitalization, another evaluation, and fifteen-minute checks. She also noted that a medical exam was already scheduled for later that morning.    Flemming informed the Jail of her recommendations.

Later that morning, Shaffer searched Leach's cell while Leach was lying in urine.    Leach tried to get up and was having uncontrollable seizures.    At about 7:00 a.m., Shaffer saw Leach on his bed and he appeared to be sleeping.    Around 8:30 a.m., Shaffer found Leach unresponsive on the floor of his cell.    Shaffer and the Jail nurse summoned an ambulance, which

---

[2] Unless identified as a defendant, references to Jail officers or personnel do not include the defendants.

took Leach to a hospital.   Leach never had the scheduled medical exam, and no welfare checks were done between 7:51 and 8:54 a.m.   Shaffer failed to preserve the video footage from the cameras outside Leach's cell.   Shaffer was also unable to produce an incident report about the events, a grievance from Leach about his medical care, or Jail scheduling records for the time at issue.

Leach was released from the hospital on March 28, 2016, with a seizure disorder diagnosis and with discharge instructions about the importance of following up with neurology and psychiatry.   Shaffer picked Leach up from the hospital and was given his discharge paperwork.   The follow-up care was never provided even though Jail policy required carrying out all doctors' orders.   After his return to the Jail, Leach had a bloody nose that he believes was caused by his medication; it was not treated.   He filed a grievance about his lack of medical care.

On April 1, 2016, Leach was transferred to Menard.   Roberts and Hartgraves transported him without his medication or medical paperwork despite Leach's pleas to all three defendants to send those items along with him.   Menard medical personnel were not able to immediately begin Leach's medication because the Jail did not provide any medical paperwork and reported that Leach was not on any medication.   Leach did not have a seizure before he was given seizure medication at Menard on April 12, 2016.

Magistrate Judge Daly concluded that a reasonable jury could find that Shaffer was aware Leach needed medical treatment and/or evaluation during the period of March 18 to 21, 2016, and purposefully or recklessly failed to ensure he got it.   Accordingly, she recommends denying Shaffer's motion for summary judgment on Count 1.   Magistrate Judge Daly further declined to construe Leach's claim against Shaffer as extending beyond that period since the claim he pled

in his Third Amended Complaint (drafted by counsel) was limited to that period.

Magistrate Judge Daly further concluded that no reasonable jury could find Leach suffered any harm from the delay in medication and medical treatment occasioned by the decision of Roberts and Hartgraves not to transport Leach's medication and medical paperwork to Menard with him. Accordingly, she recommends granting summary judgment for Roberts and Hartgraves on Count 2.

As for Count 3, a negligent spoliation of evidence claim against Shaffer, Magistrate Judge Daly found that the only evidence in issue that could affect the outcome of this trial was the video footage from the jail cameras. As to that evidence, she found Shaffer failed to establish that his decision not to preserve the evidence was an exercise of his discretion in making a policy decision, and that a reasonable jury could find him liable for spoliation in the circumstances presented. Accordingly, Magistrate Judge Daly recommends denying summary judgment to the extent the video footage is the subject of Count 3.

Finally, as to Leach's claim for intentional infliction of emotional distress in Count 4, Magistrate Judge Daly found that a reasonable jury could find Shaffer behaved in an extreme and outrageous manner that caused Shaffer severe emotional distress. The jury could not find the same for Roberts and Hartgraves. Consequently, she recommends granting summary judgment for Roberts and Hartgraves on Count 4.

> B.      Objections and Analysis

>> 1.      Leach's Objections

Leach objects to Magistrate Judge Daly's recommendation to grant summary judgment for Roberts and Hartgraves on Count 2. He disputes Magistrate Judge Daly's finding that he suffered no harm, noting that he suffered PTSD symptoms, flashbacks, and mental anguish at

Menard before he was provided with medication and medical treatment. He has not, however, pointed to any physical injury he suffered as a consequence of the delay in receiving medication, which is required before he can prevail on his claim. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act. . . ."). The Court will adopt Magistrate Judge Daly's recommendation as to Count 2.

Leach also objects to Magistrate Judge Daly's limiting of Count 1 to the time period of March 19 to 21, 2016, before Leach was taken to the hospital. He argues that his Third Amended Complaint, broadly construed, encompasses a larger time span. He specifically points to allegations that "the defendants" collectively provided inadequate medical care because they refused to transport his medications and medical paperwork with him to Menard. The Court has doubts whether the Third Amended Complaint could reasonably be construed to assert such a claim, even under liberal federal notice pleading standards. Leach's pleading, drafted by his attorneys, excludes Shaffer from "Count II against Defendants Roberts and Hartgraves," 3d Am. Compl. 6 (Doc. 66), and expressly defines "Count I against Defendant Shaffer" to constitute "Shaffer's denial of medical care to Mr. Leach on March 18-21, 2016. . .," 3d Am. Compl. ¶ 26 (Doc. 66). Even if Leach had asserted such a claim against Shaffer, the Court would grant summary judgment on the claim for the reasons discussed above with respect to Count 2 and the lack of any physical injury caused by the delay in treatment.

### 2. Shaffer's Objections

Shaffer's objection to the recommendation to deny his motion to dismiss Count 3 may be construed as directed to the recommendation to deny his summary judgment on Count 3. The

Court will overrule the objection. The Court disagrees with Shaffer's position and finds that a reasonable jury could easily find that removing an inmate from a jail cell by ambulance was the type of occurrence that should put a jail administrator on notice of a need to preserve video evidence for use in future litigation. A visual depiction of an inmate in need of medical care, even if not the most complete depiction from the best angle, is likely to be relevant to the issue of the inmate's actual condition at the time. Such video footage would also be relevant to show who was in the hallway and might have witnessed or interacted with Leach during relevant time periods. Furthermore, Leach's grievance about his medical care—which the Court must assume at this stage was actually filed—would reinforce the need to preserve documentation in anticipation of litigation. As for the immunity question, Magistrate Judge Daly thoroughly and correctly discussed that issue.

As for Count 4, Shaffer objects on the grounds that his conduct in connection with the alleged intentional infliction of emotional distress was objectively reasonable. However, reasonableness is not the applicable standard in this state tort action; intent to inflict emotional distress is. Under the circumstances described by Leach, the Court finds a reasonable jury could find Shaffer's failure to provide appropriate medical care for Leach when he was unresponsive or lying on the floor in a pool of urine was extreme and outrageous and was done with the intention to cause Leach emotional distress. Count 4 against Shaffer survives summary judgment.

## V.    Conclusion

For the foregoing reasons, the Court:

- **ADOPTS** the Report (Doc. 100) as **MODIFIED** by this order;

- **OVERRULES** Leach's and Shaffer's objections to the Report (Docs. 101 & 102);

- **DENIES** Shaffer's motion to dismiss (Doc. 73);

11

- **GRANTS in part** and **DENIES in part** Leach's motion to strike affidavits and exhibits, to reopen discovery, for leave to file an amended complaint, and for sanctions (Doc. 88). The motion is granted to the extent it seeks (1) to strike the Jail Work Schedule, Leach's reference in his affidavit to March 20, 2016, and other hearsay statements and (2) to reopen discovery to depose Skobel, which shall be completed before the Final Pretrial Conference currently scheduled before the undersigned judge on September 26, 2019. The Court has not considered the stricken material in connection with the pending summary judgment motions;

- **GRANTS in part** and **DENIES in part** the defendants' motion for summary judgment (Doc. 81). Summary judgment is granted in favor of defendants Roberts and Hartgraves on Counts 2 and 4, and those defendants are terminated from this case. Summary judgment is denied in all other respects; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

The Court further **ORDERS** the parties to submit a proposed final pretrial order to

Magistrate Judge Daly's chambers on or before September 13, 2019. The only claims

remaining for trial are Counts 1, 3 and 4 against Shaffer.

**IT IS SO ORDERED.**
**DATED:   September 6, 2019**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**